Christa L. Collins
Florida Bar No: 0381829
service.clc@harmonwoodslaw.com;
clc@harmonwoodslaw.com
HARMON, WOODS & PARKER, P.A.
110 North 11th Street - 2nd Floor
Tampa, Florida 33602
Tel: 813-222-3600
Fax: 813-222-3616

J. Andrew Meyer, Esquire
andrew@jandrewmeyer.com
J. ANDREW MEYER, P.A.
15565 Gulf Boulevard
Redington Beach, Florida 33708
Tel: 727-709-7668

David C. Parisi (162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, California 90405
Tel:  (818) 990-1299
Fax: (818) 501-7852

*Attorneys for Plaintiff Barbara Seldin, on her own
behalf, and behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA SELDIN, an individual, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HSN, INC., INGENIOUS DESIGNS, L.L.C., and JOY MANGANO,<br><br>Defendants. | No.   **'17 CV 2183 AJB  MDD**<br><br>**CLASS ACTION COMPLAINT FOR**<br><br>**(1) VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT (Civ. Code, §§ 1750 to 1784);**<br><br>**(2) VIOLATIONS OF THE UNFAIR COMPETITION LAW (Bus. & Prof. Code, §§ 17200-17203); AND**<br><br>**(3) VIOLATIONS OF THE FALSE ADVERTISING LAW (Bus. & Prof. Code, §§ 17500).** |

Class Action Complaint

**CLASS ACTION COMPLAINT**

Plaintiff, BARBARA SELDIN, an individual consumer, on behalf of herself and others similarly situated, sues Defendants, HSN, INC., INGENIOUS DESIGNS, L.L.C. and JOY MANGANO, for violations of the California Consumer Legal Remedies Act, the Unfair Competition Law and Violations of the False Advertising Law and alleges as follows:

**PARTIES, JURISDICTION & VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (federal diversity jurisdiction), as one or more members of the proposed class are residents of a different state from Defendants and the aggregated amount in controversy likely exceeds the jurisdictional amount required by that code section ($5,000,000).

2.      At all times material, Plaintiff is and was a resident of the State of California, residing in San Diego, San Diego County, California.  Plaintiff purchased the My Little Steamer product at issue in this action at a Bed, Bath & Beyond store located in San Diego County, California in the Mission Valley Shopping Center

3.      Venue is appropriate in this District because Plaintiff is a resident of the District, and Defendants has sold their goods within the Central District of California.

4.      HSN, Inc., ("HSN") is a foreign corporation, incorporated under the laws of Delaware, with its principal place of business located in St. Petersburg, Florida. HSN is a retailer of consumer products it markets, sells and distributes through the HSN television network, the HSN digital shopping portal and other digital platforms, including mobile.

5.      Ingenious Designs, LLC., ("Ingenious Designs") is a wholly owned subsidiary of the Home Shopping Network and foreign limited liability company,

under the jurisdiction and laws of Delaware.  Ingenious Designs' principal place of business is located in Ronkonkoma, New York.  Ingenious Designs manufactures, sells and distributes consumer products, including the My Little Steamer and the My Little Steamer Mini through HSN's television network and digital platforms as well as retailers such as Target and Bed, Bath and Beyond.

6.     Joy Mangano, ("Ms. Mangano"), is resident of the State of New York. Ms. Managano is President of Ingenious Designs, LLC, appears regularly on the HSN shopping networks to promote and sell products manufactured by Ingenious Designs.  Ms. Mangano is also an HSN Executive.

7.     This Court has personal jurisdiction over Defendants because Defendants extensively advertise their products to California residents through their television and digital platforms and because Defendants purposely avail themselves of distribution chains likely to lead to the sale of their products to California residents.  Upon information and belief, Defendants products, including the My Little Steamer and My Little Steamer Mini are ultimately sold to millions of California residents.

8.     Defendants' extensive business, marketing, advertising and distribution engagements with California residents constitute purposeful availment of this forum sufficient to subject Defendants to suit in this forum.  Because of Defendants' significant contacts with the forum, assertion of jurisdiction to remedy Defendants' conduct does not offend traditional notions of fair play and substantial justice.

## NATURE OF THE CASE

9.     This class action lawsuit seeks redress for Defendants' manufacturing, sale and distribution of a dangerous product. The My Little Steamer and My Little Steamer Mini (the "My Little Steamer Products" or "Steamers") are portable clothing steamers which due to manufacturing and/or design defects cause boiling water to leak and/or spew on product users and melt the products' plastic housing.

Despite Defendants' knowledge of these defects and dangerous conditions, Defendants failed to warn consumers of the danger and marketed, sold and distributed these products throughout the State of California. This lawsuit seeks damages and injunctive relief on behalf of Plaintiff and members of the class for purchasing a product that it not safe, merchantable or fit for its intended purpose and attorneys' fees and other costs associated with bringing this action.

## FACTUAL ALLEGATIONS

10.    In 2003 Defendants released the My Little Steamer Products to the market for the first time.  Since that time the Products have been promoted, marketed, sold and distributed through the HSN television network as well as the digital platforms, outlet stores and other retailers.

11.    In order to promote the Steamers on the HSN network HSN has, at various times, created video "B-roll" to be used in connection with live segments that feature Joy Mangano promoting and selling the Products.  These videos are produced and filmed internally by HSN employees and depict professional models using the Products.

12.    In or before February 2016 Defendants became aware that My Little Steamer Products they were promoting, marketing selling and distributing were defective and dangerous.  More specifically, in February of that year HSN was producing and filming B-roll of the My Little Streamer Products at a house in the Hyde Park neighborhood in Tampa, Florida to be used in an upcoming live segment featuring Joy Mangano.

13.    While the Products were being prepared for filming and during the filming itself, hot steam and boiling water repeatedly leaked and spewed from the products burning HSN employees and the professional models being featured in the videos.  The production staff opened a significant number of Products from sealed boxes that had been delivered to the video location in an effort to find a Product to film that would not leak.  Many, if not all, of the Products opened by

1  HSN's production employees leaked boiling water and spewed hot steam.

2      14.    Production employees and models observed gaskets failing and

3  floating inside the water reservoir of the opened products very quickly after the

4  Products were plugged into electrical outlets.

5      15.    Video footage of the malfunctioning products was shot digitally by

6  the production crew, and as is required by HSN policies and procedures was saved

7  on the HSN server and labeled, "the B Roll." This footage was backed-up to the

8  HSN digital archive/ library.

9      16.    The Producer on the shoot, David Berggren, was so concerned that he

10  notified senior management at HSN and Ingenious Designs, including immediate

11  family members of Joy Mangano, that the products were leaking, spewing and

12  were dangerous and should not be sold to consumers.

13      17.    The Quality Control Department advised Mr. Berggren the faulty

14  Steamers that leaked during the B-Roll location shoot were sent to Ingenious

15  Design, LLC in New York for testing.  Additional concerns were communicated to

16  notify Ms. Mangano.  Mr. Berggren was led to believe that My Little Steamer

17  Products would not be sold due to their defective conditions.

18      18.    Within a matter of weeks thereafter, and contrary to the assurances

19  given Mr. Berggren, HSN did live promotional television segments featuring Joy

20  Mangano selling the My Little Steamer products.

21      19.    While the live segments were ongoing, additional My Little Steamers

22  that were new and had just been opened from their boxes to be used in the live

23  segment were leaking and spewing off-camera, once again causing burns to models

24  and staff.

25      20.    The volume of faulty My Little Steamer Products sold and shipped as

26  a result of the live promotional segment described above is estimated to be

27  between 50,000 and 100,000 units. These numbers do not include defective

28  Steamers that were sold through other distribution channels and platforms.

21.     According to the Ingenous Design, LLC Instruction and Warning pamphlet, "This product is warranted to be free from defects in material and workmanship under normal uses and service for a period of one-year from the date of original purchase with receipt."

22.     Through Ms. Mangano's website, JoyMangano.com, promotes the Steamers as follows:  "Developed over 15 years, carefully calibrated steam channels create unmatched power." "No Spitting. No Staining. No Burning. No Worries."

23.     In September 2016, Plaintiff purchased a My Little Steamer from her local Bed, Bath and Beyond retailer in California.  Plaintiff paid approximately $15.00 for the Steamer.  Very shortly thereafter Plaintiff's Steamer began to leak and spew hot water and steam whenever she plugged the unit into an electrical outlet.  On each occasion the steamer leaked and spewed boiling water and steam Plaintiff was using the unit properly.

**CLASS ACTION AND CLASS REPRESENTATION ALLEGATIONS**

24.     The causes of action alleged below, for declaratory and injunctive relief and for monetary damages, are appropriate for class action treatment and class certification pursuant to the governing and applicable rules of civil procedure, including Federal Rules of Civil Procedure 23(b)(1)(a), 23(b)(2), 23(b)(3) and 23(c)(4).

25.     This action is uniquely appropriate as a class action because Plaintiff seeks declaratory and injunctive relief for the entire Class arising out of actions undertaken by Defendants or failures to act, on grounds generally applicable to the Class as a whole. The entitlement of Plaintiffs and the Class to this relief will turn on application of existing, unambiguous statutory language to the Defendants business practices and Steamer product as described more fully herein.

26.     The monetary relief sought by Plaintiff and the class turns on readily identifiable and objectively determinable facts and standards derivable from data

and documents maintained by or on behalf of Defendants and/or the Class.

27.     This action is also appropriate for class certification under Rule 23(b)(3) because the questions of law and fact common to the Plaintiff and the Class far more than predominate over issues affecting individual members of the Class, and resolution of these issues within a class action is the superior and manageable method to achieve fair and efficient adjudication of this controversy.

28.     Plaintiff is a member of the Class described in paragraph 30 below, and properly alleges this claim on her own behalf, and on behalf of the Class who are similarly situated, against the Defendants.

29.     The members of the Class are readily identifiable from documents maintained by or on behalf of the Defendants and/or Class Members, thus permitting any appropriate notice to the Class and convenient case management by the Court.

30.     Plaintiff brings this action on behalf of her and all others   similarly situated as representative of the following class (the "Class"):

> All California residents who purchased a My Little Steamer or My Little Steamer Mini from the period of February 28, 2016 through the present.

31.     Excluded from  the  Class are Defendants as well as all employees of this Court, including, but not limited to, Judges, Magistrate Judges, clerks and court staff and personnel of the United States District Courts of the Central District of California, the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court; their spouses and any minor children living in their households and other persons within a third degree of relationship to any such Federal Judge; and finally, the entire jury venire called to for jury service in relation to this lawsuit.

32.     Also excluded from the Class are any attorneys or other employees of any law firms hired, retained and/or appointed by or on behalf of the named

Plaintiff to represent the named Plaintiff and any/or any proposed class members or proposed class in this lawsuit

33.    Also excluded from the Class are any persons who have sustained physical injury as a result of the defects at issue in this litigation. Furthermore, to the extent that undersigned counsel has any legal interest to damages or other monetary relief, or other relief due to the putative class (or any other rights as potential putative class members), arising as a result of the causes of action asserted in this litigation, such interest is hereby disclaimed by undersigned counsel.

34.    Plaintiff reserves the right to revise the definition of the Class based on facts learned during discovery.

35.    The exact number of persons in the Class, as herein identified and described, is unknown but is estimated to number in the thousands. The Class is so numerous that joinder of individual members herein is impracticable.

36.    Plaintiff will fairly and adequately represent and protect the interests of the other members of each Class.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so.  Neither Plaintiff nor her counsel has any interest adverse to those of the other members of the Class.

37.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive, and will have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants, and promotes consistency and efficiency of adjudication.

38.    Defendants have acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in falsely advertising that the Product will work safely, requiring the Court's imposition of uniform relief

to ensure compatible standards of conduct toward members of the Class.

39.   The factual and legal basis of Defendants' liability to Plaintiff and to the other members of the Class are the same, resulting in injury to the Plaintiff and to all of the other members of the Class as a result of the Defendants' conduct alleged herein.  Plaintiff and members of the Class have all suffered harm and damages as a result of Defendants' unlawful and wrongful conduct.

40.   There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include but are not limited to the following:

(a)   Whether Defendants breached their express warranties with Plaintiff and class members;

(b)   Whether Defendants' advertising is unlawful, unfair, deceptive, or misleading to reasonable consumers under the UCL;

(c)   Whether Defendants' conduct violates the Cal. Bus. & Profs. Code §17200, the Cal. Civil Code §1750, and the Cal. Civil Code 17500;

(d)   Whether the My Little Steamer Products were safe for their intended purposes;

(e)   Whether a reasonable consumer would expect that the My Little Steamer Products would be dangerous and would leak;

(f)   Whether, as a result of Defendants' conduct, Plaintiff and the class members are entitled to equitable relief and/or other relief, and, if so, the nature of such relief; and

(g)   The method of calculation and extent of damages for Plaintiff and members of the Class.

**FIRST CLAIM:**
**Violations of the Consumers Legal Remedies Act,**
**California Civil Code Section 1750, *et seq.,***

41.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of herself and the Class Members.

42.    The California Consumer Legal Remedies Act, Section 1750 of the California Civil Code, protects consumers against fraud, unlawful practices, and unconscionable commercial practices in connection with sale of any merchandise.

43.    Plaintiff and members of the Class are "consumers" as defined by Civil Code Section 1761(d) because they sought or acquired Defendants' goods for personal, family, or household purposes.

44.    The My Little Steamer Products are "goods" within the meaning of Civil Code Section 1761(a) as they are tangible chattels bought for personal, family, or household purposes.

45.    Defendants' conduct of selling the My Little Steamer Products which were not fit for their intended purpose and were not sold as advertised violated and continues to violate the Consumer Legal Remedies Act by engaging in the following prohibited practices: "[r]epresenting that goods or services have . . . characteristics . . . [or] uses . . . which they do not have" (Civ. Code, § 1770, subd. (a)(5)); "[a]dvertising goods or services with intent not to sell them as advertised" (Civ. Code, § 1770, subd. (a)(9)); and "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not" (Civ. Code, § 1770, subd. (a)(16)).

46.    Plaintiff and other members of the Class reasonably relied upon and were deceived by Defendant's representations about the benefits of My Little Steamer products and the omissions of statements about the product's dangers and defects which were known to Defendant.

47.    Pursuant to section 1782(d) of the California Civil Code, Plaintiff, on

behalf of herself and the Class seeks a Court order enjoining Defendants from such future conduct and any other such orders that may be necessary to rectify the fraudulent, unlawful, unconscionable commercial practices, and fraudulent business practices of Defendants, including requiring Defendants to cease marketing and selling My Little Steamer Products until they work as advertised and are no longer a danger to consumers.

**SECOND CLAIM:**
**Violations of California Business & Professions Code, Section 17200, *et seq.*,**
**Unlawful, Unfair and Fraudulent Business Acts and Practices**

48.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of herself and the Class Members.

49.     Defendants' acts and practices as detailed herein constitute acts of unfair competition. Defendants have engaged in unlawful, unfair or fraudulent business acts and/or practices within the meaning of California Business & Professions Code, section 17200, *et seq*. Defendants need only violate one of the three prongs to be held strictly liable.

50.     Defendants have engaged in "unlawful" business acts and practices by selling products which are unfit for their intended and advertised use and have not disclosed the dangers of the products.  Defendants' business acts and practices violate California's Business and Professions Code Section 17500, *et seq*. and the California Consumer Legal Remedies Act, California Civil Code, Section 1750, *et seq*., as alleged herein.

51.     Plaintiff reserves the right to identify additional provisions of the law violated by Defendants as further investigation and discovery warrants.

52.     Defendants' failure to comply with the above statutes constitutes an unlawful business act or practice.

53.     Section 17200 of the California Business & Professional Code also prohibits any "unfair business act or practice."

54.     As described above, Defendants have engaged in "unfair" business acts or practices in that they falsely advertised My Little Steamer Products.

55.     The gravity of the harm to Plaintiff and the Class outweighs any arguable utility of Defendants' conduct. Plaintiff's injury is substantial, is not outweighed by any countervailing benefit to consumers or competition, and is not one that consumers could have reasonably avoided.

56.     Defendants' conduct offends California public policy tethered to the California Consumer Legal Remedies Act and the California False Advertising Law, and which are intended to preserve fair competition, to protect consumers from market distortions, and to allow consumers to make informed choices in their purchasing products.

57.     Defendants' actions are immoral, unethical, unscrupulous, and offend established public policy, and have injured Plaintiff and other members of the Class.

58.     Section 17200 also prohibits any "fraudulent business act or practice." Defendants' conduct constituted "fraudulent" business acts or practices in that their conduct had a tendency and likelihood to deceive persons to whom such conduct was and is targeted by falsely representing the price of plastic bags.

59.     Plaintiff and members of the Class were deceived by Defendants' representations about My Little Steamer Products' uses and safety.

60.     Plaintiff and members of the Class reasonably relied on Defendants' omission about the dangers of the My Little Steamer Products and with reasonable reliance that the product would perform safely and consistent with its intended use and any representations on the Steamer's packaging, in its packaging, on television and website advertising.

61.     Plaintiff and members of the Class have suffered injuries as a direct and proximate result of the unlawful, unfair, and fraudulent business practices of Defendants in that they were overcharged for products purchased, products which

they would not have purchased had they been told the truth by Defendants.

62. Pursuant to section 17203 of the California Business and Professions Code, Plaintiff, on her own behalf and on behalf of the Class, seeks restitution and a Court order enjoining Defendants from such future conduct and any other such orders that may be necessary to rectify the unlawful, unfair, and fraudulent business practices of Defendants, including requiring Defendants to cease selling My Little Steamer Products unless or until the products work as advertised and are not unsafe for normal use.

63. Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff and the Class are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

**THIRD CLAIM:**
**Violations of the False Advertising Law,**
**California Business and Professions Code, Sections 17500, *et seq.*,**

64. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of herself and the Class Members.

65. The California False Advertising Law, Business and Professions Code sections 17500, *et seq.*, prohibits the dissemination of statements that are untrue, misleading, and which are known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

66. Defendants' acts and practices violated Section 17500 of the California False Advertising Law. Defendants disseminated untrue and misleading statements to Plaintiff and Class Members about the My Little Steamer Products.

67. Defendants' statements were untrue and misleading in material respects because Plaintiff and the Class Members relied on Defendants' statements which informed Plaintiff and Class Members' purchasing decisions.

68. Defendants' statements had the capacity, likelihood and tendency to

deceive and confuse consumers into believing that the My Little Steamer Products were safe for their intended and advertised purpose, when in fact they were not.

69.     Defendants knew or should have known with the exercise of reasonable care that consumers would rely on representations and omissions of fact about the My Little Steamer Products.

70.     Plaintiff and members of the Class were induced to purchase the My Little Steamer Products based on Defendants' untrue and misleading statements, as well as omission of statements about the dangers of the products.

71.     Plaintiff and members of the Class were aware of and reasonably relied on Defendants' untrue and misleading statements.

72.     Defendants disseminated untrue and misleading statements about the My Little Steamer Products with the intent not to sell them as the advertised price.

73.     Pursuant to section 17535 of the California Business and Professions Code, Plaintiff, on behalf of herself and the Class seeks restitution and a Court order enjoining Defendants from such future conduct and any other such orders as may be necessary to rectify Defendants' false advertising, including requiring Defendants to cease the false advertising of the My Little Steamer Products.

74.     Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff and the Class are therefore entitled to an award of attorneys' fees under Code of Civil Procedure section 1021.5 for bringing this action.

WHEREFORE, Plaintiff Barbara Seldin prays that the Court enter judgment and orders in her favor against Defendants, and as follows:

a.     An order certifying the Class, directing that this case proceed as a class action, and appointing Plaintiff and her counsel to represent the Class;

b.     An award for restitution and other equitable relief, including imposition of a constructive trust under the UCL;

c.     Injunctive relief enjoining further unlawful conduct under the UCL, FAL and CLRA;

Class Action Complaint                    14

d.   An order granting costs and attorneys' fees under Civil Code section 1770(e) and Code of Civil Procedure section 1021.5; and

e.   Such other and further relief as this Court may deem appropriate.

Dated: October 25, 2017                    By:  /s/David C. Parisi
                                                David C. Parisi

                                           Christa L. Collins
                                           Florida Bar No: 0381829
                                           service.clc@harmonwoodslaw.com;
                                           clc@harmonwoodslaw.com
                                           HARMON, WOODS & PARKER,
                                           P.A.
                                           110 North 11th Street - 2nd Floor
                                           Tampa, Florida 33602
                                           Tel: 813-222-3600
                                           Fax: 813-222-3616

                                           J. Andrew Meyer, Esquire
                                           andrew@jandrewmeyer.com
                                           J. ANDREW MEYER, P.A.
                                           15565 Gulf Boulevard
                                           Redington Beach, Florida 33708
                                           Tel: 727-709-7668

                                           David C. Parisi (162248)
                                           dcparisi@parisihavens.com
                                           Suzanne Havens Beckman (188814)
                                           shavens@parisihavens.com
                                           PARISI & HAVENS LLP
                                           212 Marine Street, Suite 100
                                           Santa Monica, California 90405
                                           Tel:  (818) 990-1299
                                           Fax: (818) 501-7852

                                           *Attorneys for Plaintiff Barbara Seldin,*
                                           *on her own behalf, and behalf of all*
                                           *others similarly situated*

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: October 25, 2017

By: _/s/David C. Parisi_
      David C. Parisi

Christa L. Collins
Florida Bar No: 0381829
service.clc@harmonwoodslaw.com;
clc@harmonwoodslaw.com
HARMON, WOODS & PARKER, P.A.
110 North 11th Street - 2nd Floor
Tampa, Florida 33602
Tel: 813-222-3600
Fax: 813-222-3616

J. Andrew Meyer, Esquire
andrew@jandrewmeyer.com
J. ANDREW MEYER, P.A.
15565 Gulf Boulevard
Redington Beach, Florida 33708
Tel: 727-709-7668

David C. Parisi (162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
212 Marine Street, Suite 100
Santa Monica, California 90405
Tel:  (818) 990-1299
Fax: (818) 501-7852

*Attorneys for Plaintiff Barbara Seldin, on her own behalf, and behalf of all others similarly situated*

## DECLARATION OF DAVID C. PARISI

I, David C. Parisi, hereby declare on oath as follows:

1.      I am an attorney licensed to practice law in the state of California. I am over the age of 18 years and I have personal knowledge of the matters attested to herein. If called upon to testify, I would and could competently do so.

2.      I make this declaration pursuant to California Civil Code section 1780(d) on behalf of my client, Plaintiff Barbara Seldin, on behalf of herself and all others similarly situated.

3.      The transactions or any substantial portion of the transactions alleged in this complaint occurred in San Diego County, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated this 25th day of October 2017 at Port Hadlock, Washington.


__/s/David C. Parisi_____
David C. Parisi

Parisi Declaration